UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 05-61821-CIV-ZLOCH

| | |
|---|---|
| JACKIE WARD, AN INDIVIDUAL, | ) |
|     PLAINTIFF | ) ) ) |
| V. | ) ) |
| ESTALEIRO ITAJAI S/A A METALNAVE COMPANY, A BRAZILIAN COMPANY, FRANCISCO WLASEK, AN INDIVIDUAL AND PAULO ROLIM, AN INDIVIDUAL, | ) ) ) ) ) |
|     DEFENDANTS. | ) ) |

**PLAINTIFF'S MOTION IN LIMINE #7
TO PREVENT DEFENDANTS FROM ARGUING THAT THE FEDERAL
JUDGMENT INTEREST RATE SHOULD APPLY TO PLAINTIFF'S DAMAGE
CLAIM FOR LOSS OF USE OF FUNDS RELATING TO THE LETTER OF
CREDIT AND TO STRIKE DEFENDANTS NEWLY ADDED EXHIBITS
REGARDING SAME**

**WITH INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

NOW COMES Plaintiff, Jackie Ward, by and through her attorneys, and for this her Motion In Limine #7 to Prevent Defendants From Arguing That The Federal Judgment Interest Rate Should Apply To Plaintiff's Damage Claim for Loss of Use of Funds Relating to the Letter of Credit and to Strike Defendants' Newly Added Exhibits Relating To Same and her Incorporated Memorandum of Law in Support thereof, does hereby state as follows:

**I.  INTRODUCTION**

The Plaintiff has alleged, as an element of her damages, a claim for Loss of Use of Funds, relative to the amounts she was required to deposit for Standby Letter of Credit, i.e. $11.8 Million.  Attached hereto as Exhibit 1 is the expert report of Plaintiff's economic expert, Peter Gampel, of Crowe Chizek and Company.  As set forth in Mr.

{FT460389;1}

Gampel's Report, he has calculated the loss of use of funds at 7%, the Florida Statutory Interest rate that was applicable in 2004 and 2005.[1]

At his deposition, the Defendants introduced two exhibits, each pertaining to the Federal Judgment Interest Rate. Those exhibits are combined herein as <u>Exhibit 2</u>. Mr. Gampel was asked at deposition why he did not calculate the loss of use based on the Federal Post-Judgment Interest rate, as the case is pending in Federal Court, and instead used the Florida Statutory Interest Rate. Mr. Gampel, (whose deposition transcript is not yet available), testified that a) he was not asked to calculate any post judgment interest or interest on any judgment at all, but rather; b) he was asked to calculate the interest on loss of use and the Florida case law he had been provided, set forth the appropriateness of this calculation.

Following the deposition, Defendants notified Plaintiff's counsel that they were adding two new exhibits to their Trial Exhibit List. The newly identified exhibits are those, which are combined hereto as <u>Exhibit 2</u>.

Plaintiff submits that under no circumstance should the Defendants be permitted to argue before the Jury that anything other than the Florida Statutory Interest Rate be applied to any loss of use calculation. Defendants attempt to argue that the Federal Post-Judgment Interest Rate be applied is improper and contrary to law. Accordingly, it should not be allowed and further, Defendants' newly added exhibits setting forth the Federal Judgment Interest Rate should be stricken, and should be prevented.

Defendants should be prevented from arguing that any interest rate other than the Florida Statutory Interest Rate applies to Plaintiff's Damage Claim for Loss of Use of Funds.

---

[1] As set forth in his report and as he testified at deposition, Mr. Gampel reduced the calculation based on the 7% by the amount Plaintiff was earning in actual interest on the deposited funds. However, the issue here is whether the 7% is the appropriate percentage at which to calculate the loss of use of the funds.

**II.    THE APPLICABLE INTEREST RATE IN WHICH TO CALCULATE THE PLAINTIFF'S LOSS OF USE DAMAGE CLAIM IS UNQUESTIONABLY THE FLORIDA STATUTORY INTEREST RATE**

Plaintiff has alleged that she was improperly deprived of the use of her $11.8 Million which she posted for the Standby Letter of Credit, as a result of Defendant's Breach of the Vessel Construction Agreement.  Plaintiff retained CPA Peter Gampel to complete a calculation for the time frame that the Plaintiff was deprived of her funds. Mr. Gampel did so, (Exhibit 1), calculating the interest on the loss of use at 7%, the rate of the Florida Statutory Interest Rate during 2004 and 2005.

Plaintiff's claim against Defendant Estaleiro in this diversity jurisdiction case is a breach of contract claim governed by Florida law.  Under Florida law, prejudgment interest is a part of the restitution a Plaintiff is entitled to for the loss of use of money over the period of time that the party is deprived of the use of that money. *Gilliard v. Wright*, 667 So.2d 815, 816 (Fla. 2nd DCA, 1995); *See also Stone v. CompuServe Interactive Services, Inc*., 804 So.2d 383, 390 (Fla. 4th DCA, 2001). Loss of use of the money is measured by prejudgment interest. *Daiwa Products, Inc. v. Nationsbank, N.A.*, 885 So.2d 884, 891 (Fla. 4th DCA, 2004).

The interest rate upon which Defendants will argue applies pertains to interest awarded on Federal Judgments by statute as set forth in 28 U.S.C.A. § 1961.  Defendants fail to recognize the purpose for which the Plaintiff has applied the Florida Statutory Interest Rate – she does not do so because she has received a judgment.  Rather, she does so because the Florida cases cited above deem that to be the appropriate measure to compensate the Plaintiff **for her loss of use of funds.**

The interest rates that the Defendants are going to attempt to argue should apply, only apply to <u>judgments</u> and judgment interest is purely a statutory construct. *See Pierce v. United States,* 255 U.S. 398, 406, 41 S.Ct. 365, 65 L.Ed. 697 (1921). By force of Section 1961, a judgment bears interest at the statutory rate, even without a demand by the plaintiff or an order of the court. *See Bell, Boyd & Lloyd v. Tapy,* 896 F.2d 1101, 1104 (7th Cir.1990).

The Defendant, in trying to reduce the amount of damages the Plaintiff is entitled to receive, will argue that because this matter is pending in Federal Court, that the Federal Judgment Interest Rate would be applicable - - that argument is not only without merit, but cannot possibly be being made in good faith - - there is no judgment upon which to apply the Federal Judgment Interest rate pursuant to 28 USC 1961.

Even if there were a judgment, Defendants' argument is still without merit as federal courts should follow state law governing the award of prejudgment interest. *See, e.g., Seb S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007). *Chalfonte Condominium Apartment Ass'n, Inc. v. QBE Ins. Corp.*, 2007 WL 4531971 *8 (S.D.Fla. 2007).

Plaintiff respectfully submits that it is a matter of law for the Court to decide what interest rate should be applied to Plaintiff's claim for Loss of Use of Funds arising out of her state law breach of contract claim. Plaintiff further submits that based on the authority cited herein, that interest rate is the Florida Statutory Interest Rate for the period in which Plaintiff was deprived of her funds, here, 2004 and 2005. *Gilliard v. Wright*, 667 So.2d 815, 816 (Fla. 2nd DCA,1995); *See also Stone v. CompuServe Interactive*

*Services, Inc.*, 804 So.2d 383, 390 (Fla. 4th DCA, 2001) and *Daiwa Products, Inc. v. Nationsbank, N.A.*, 885 So.2d 884, 891 (Fla. 4th DCA, 2004).

Accordingly, the Defendants should be precluded from arguing that any other interest rate applies to Plaintiff's Loss of Use claim of damages and further, be prevented from introducing their newly identified exhibits, which Plaintiff submits should have been identified at the time the parties were required to submit their exhibit lists, which are attached hereto as <u>Exhibit 2</u>.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court GRANT her Motion in Limine No. 7 and enter an Order granting the following relief:

A: That the Court determine and render a ruling that the applicable interest rate to Plaintiff's damage claim for Loss of Use of Funds is deemed to be the Florida Statutory Interest Rate;

B. That the Defendants be precluded from making any arguments to the Jury that any interest rate other than the Florida Statutory Interest Rate apply;

C. That the Defendants be precluded from introducing the Exhibits that they have newly identified, which are attached hereto as <u>Exhibit 2</u> which set forth the Federal Judgment Interest rate.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1.A.3**

Pursuant to S.D. Fla. Local Rule 7.1.A.3, the undersigned certifies that counsel for Plaintiff has conferred in writing with counsel for Defendants, the parties who may be affected by the relief sought by this motion, in a good-faith effort to resolve by agreement the issues raised in this motion, but the parties have been unable to reach an agreement.

Respectfully submitted,

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER:  05-61821-CIV-ZLOCH

JACKIE WARD, AN INDIVIDUAL,

    PLAINTIFF,

V.

ESTALEIRO ITAJAI S/A A METALNAVE COMPANY, A BRAZILIAN COMPANY, FRANCISCO WLASEK, AN INDIVIDUAL AND PAULO ROLIM, AN INDIVIDUAL,

    DEFENDANTS.
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

AKERMAN SENTERFITT

BY: ____/S/ MARC GOTTLIEB_____
    MARC GOTTLIEB

## SERVICE LIST

Jackie Ward versus Estaleiro Itajai S/A a Metalnave Company, et. al.
CASE NO.: 05-61821-CIV–Zloch
United States District Court, Southern District of Florida

Thomas J. Meeks, Esq.
tmeeks@zuckerman.com
ZUCKERMAN SPAEDER LLP
201 S. Biscayne Blvd.
Miami Center Bldg., Suite 900
Miami, FL 33131
Tel.: 305.358.5000
Fac.: 305.579.9749
Attorney for Defendants

Andrew W. Mychalowych, Esq.
Amychalowych@smvf-law.com
SICILIANO MYCHALOWYCH VAN DUSEN AND FEUL, PLC
37000 Grand River Avenue, Suite 350
Farmington Hills, MI 48335
Tel.: 248.442.0510
Fac.: 248.442.0518
Attorneys for Plaintiff

{FT460389;1}