```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 05-61821-CIV-ZLOCH
```

JACKIE WARD

       Plaintiff,

vs.                                                   **OMNIBUS ORDER**

ESTALEIRO ITAJAI S/A, A
METALNAVE COMPANY, et al.

       Defendants.
_____/

THIS MATTER is before the Court upon Plaintiff Jackie Ward's Motion In Limine # 1 To Exclude Defendant Estaleiro Itajai's Evidence Regarding Defendant Estaleiro Itajai's Alleged Damages Sought Pursuant To Its Amended Counterclaim (DE 164), Motion In Limine # 2 To Prevent The Defendants From Arguing Or Testifying That James Eden Was The Agent Of Plaintiff Jackie Ward (DE 165), Motion In Limine # 4 To Exclude Evidence Regarding Any Prior Lawsuit, Arbitration Proceeding Or Dispute Over Motor Yachts (DE 167), Motion In Limine # 5 To Strike Andrew Mychalowych As A Witness (DE 169), and Motion In Limine # 6 To Strike Meghan Cassidy As A "May Call" Witness (DE 170).  The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

In Plaintiff's Motion In Limine # 4 To Exclude Evidence Regarding Any Prior Lawsuit (DE 167), she seeks an order from the

Court prohibiting Defendants from introducing any evidence regarding disputes she or her holding company Sumo Yachts, Ltd. may have previously had with any vessel manufacturer, any award collected therein, or any attorney's fees incurred with reference thereto.  Plaintiff seeks such an order to prevent confusing the jury or unduly prejudicing the jury against her.  The Court notes that Defendants have conceded in large part the argument raised by Plaintiff therein.  In particular, Defendants state that they "agree that prior litigation of the parties is not relevant to the instant case, for the reasons stated in their own motion to limit evidence relating to certain other actions." DE 197, p. 6.  Those reasons include relevance and confusion grounds. See DE 168, p. 4. Defendants argue, however, and the Court agrees, that evidence of prior yacht purchase negotiations and agreements may be relevant to Plaintiff's experience in negotiating and effectuating the purchase of motor yachts. See id.  Thus, while the Court shall grant the instant Motion (DE 167) in part and exclude evidence of prior litigation, damages awarded, and attorney's fees incurred, Defendants will be permitted to introduce evidence touching on Plaintiff's prior experience in contracts or agreements similar to the subject of the above-styled cause. Moreover, Defendants are of course free to use testimony given in prior litigation to impeach

2

or refresh recollection or for other uses contemplated by the Federal Rules of Evidence.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff Jackie Ward's Motion In Limine # 1 To Exclude Defendant Estaleiro Itajai's Evidence Regarding Defendant Estaleiro Itajai's Alleged Damages Sought Pursuant To Its Amended Counterclaim (DE 164), Motion In Limine # 2 To Prevent The Defendants From Arguing Or Testifying That James Eden Was The Agent Of Plaintiff Jackie Ward (DE 165), Motion In Limine # 5 To Strike Andrew Mychalowych As A Witness (DE 169), and Motion In Limine # 6 To Strike Meghan Cassidy As A "May Call" Witness (DE 170) be and the same are hereby **DENIED.**

2. Plaintiff Jackie Ward's Motion In Limine # 4 To Exclude Evidence Regarding Any Prior Lawsuit, Arbitration Proceeding Or Dispute Over Motor Yachts (DE 167) be and the same is **GRANTED** in part and **DENIED** in part as follows:

a. To the extent Plaintiff seeks to exclude evidence of prior litigation, as well as damages awarded or attorney's fees incurred therein, her Motion In Limine # 4 (DE 167) be and the same is hereby **GRANTED;**

b. In all other respects, Plaintiff's Motion In Limine # 4 (DE 167) be and the same is hereby **DENIED;** and

  c. Defendants are free to refer to prior litigation, arbitration, or disputes to impeach or refresh the recollection of witnesses appearing at trial in the above-styled cause, or for other uses contemplated by the Federal Rules of Evidence and otherwise contemplated by this Order.

 **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   10th   day of April, 2008.

             */s/ William J. Zloch*
             WILLIAM J. ZLOCH
             United States District Judge

Copies furnished:

All Counsel of Record