UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61821-CIV-ZLOCH

JACKIE WARD,

    Plaintiff,

vs.                                         **O R D E R**

ESTALEIRO ITAJAI, S/A A
METALNAVE COMPANY, et al.,

    Defendants.
_____/

THIS MATTER is before the Court upon Plaintiff Jackie Ward's Motion In Limine # 7 To Prevent Defendants From Arguing That The Federal Judgment Interest Rate Should Apply To Plaintiff's Damage Claim (DE 171). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

By the instant Motion (DE 171), Plaintiff seeks an order from the Court prohibiting Defendants from cross examining her damages expert regarding the interest rate he used to calculate her damages. Specifically, Plaintiff seeks an order from the Court determining what prejudgment interest rate applies to her damages, should she be successful on her claims, and ordering that testimony and evidence of interest rates other than "the Florida Statutory Interest Rate"[1] be excluded. DE 171, p. 2. Defendants argue that cross examining an expert witness on the methods and calculations

---

[1] Plaintiff cites no statutory authority for her argument. Moreover, the Exhibits attached to the instant Motion are duplicates of those attached to DE 170 and are irrelevant to the instant Motion.

used and alternative methods and calculations available is incidental to the testimony of an expert witness.

State law governs the award of prejudgment interest. <u>Royster Co. v. Union Carbide Corp.</u>, 737 F.2d 941, 948 (11th Cir. 1984); <u>SEB S.A. v. Sunbeam Corp.</u>, 148 Fed. Appx. 774, 793 (11th Cir. 2005). Under Florida state law, whether Plaintiff is entitled to prejudgment interest is a matter of fact to be determined by the factfinder, but it is a matter of policy for the legislature to decide what the rate of interest is. <u>Argonaut Ins. Co. v. May Plumbing Co.</u>, 474 So. 2d 212, 215 (Fla. 1985); <u>Nielsen-Miller Const. Co. v. Pantlin/Prescott, Inc.</u>, 602 So. 2d 1366 (Fla. Dist. Ct. App. 1992).

The Florida statutory interest rate controls prejudgment interest. <u>Argonaut</u>, 474 So. 2d at 215. "In all cases where interest shall accrue without a special contract for the rate thereof, the rate is the rate provided for in s. 55.03." Fla. Stat. § 687.01 (2008). Section 55.03 directs the Chief Financial Officer of Florida each year to "set the rate of interest that shall be payable on judgments or decrees." For calendar years 2004 and 2005, that rate was set at 7.0% per annum, or .0001918% per diem. <u>See</u> Florida Department of Financial Services, <u>Statutory Interest Rates Pursuant to Section 55.03, Florida Statutes</u>, http://www.fldfs.com/aadir/interest.htm. The Court finds that 7.0% per annum is the appropriate prejudgment interest rate to be applied, should Plaintiff be entitled to the same and should her damages be proven to have arisen in 2004 or 2005. The Court makes no finding on whether Plaintiff is entitled to prejudgment interest

on the loss of use of her money based on her posting of the letter of credit at issue.

For the reasons expressed, the Court finds that Defendants' inquiry with Plaintiff's damages expert into other possible prejudgment interest rates used to calculate Plaintiff's damages would serve only to mislead and confuse the jury.  These dangers substantially outweigh any probative value of such inquiry, and so the same must be excluded.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff Jackie Ward's Motion In Limine # 7 To Prevent Defendants From Arguing That The Federal Judgment Interest Rate Should Apply To Plaintiff's Damage Claim (DE 171) be and the same is hereby **GRANTED** as follows:

1. Should Plaintiff be entitled to prejudgment interest on any damages proven to have arisen in 2004 or 2005, such interest will be found to have accrued at 7.0% per annum from the date the damages were incurred, in accordance with Fla. St. § 687.01; and

2. Defendants are precluded from making any arguments to the jury, eliciting any testimony, and introducing any evidence in support of an argument that any interest rate other than the one specified above should apply to Plaintiff's damages.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   22nd    day of April, 2008.

```
                              /s/ William J. Zloch
                              WILLIAM J. ZLOCH
                              United States District Judge
```

Copies furnished:

All Counsel of Record