```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 05-61821-CIV-ZLOCH
```

JACKIE WARD,

        Plaintiff,

vs.  **O R D E R**

ESTALEIRO ITAJAI, S/A A
METALNAVE COMPANY, et al.,

        Defendants.
_____/

    THIS MATTER is before the Court upon Defendants' Motions For Certificate Of Appealability (DE Nos. 229 & 232). The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

    Plaintiff initiated the above-styled cause alleging breach of contract and fraudulent inducement against Defendants. As part of the relief sought in her fraud claim, Plaintiff has alleged a claim for punitive damages. Plaintiff propounded discovery to Defendants seeking information relevant to their present net worth to make our her claim for punitive damages. By prior Order (DE 186), the Court denied Defendants' Motion For A Protective Order (DE 152) from that discovery and later denied (DE 211) Defendants' Motion For Reconsideration (DE 190). The result of said Order (DE 211) is that Defendants are now required to turn over financial worth discovery sought by Plaintiff in support of her claim for punitive damages. The basis of the decision reached in said Order (DE 211) is that federal discovery practice, informed by Federal Rule of

Civil Procedure 26, contemplates liberal discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  This Rule stands in contrast to the Florida discovery rule that Defendants sought to enforce and that requires a party to establish and the Court to find "a reasonable basis for recovery of [punitive] damages" before discovery of information relevant to a claim for punitive damages is allowed.  Fla. St. § 768.72(1) (2008).

By the instant Motions (DE Nos. 229 & 232), Defendants seek leave to file an interlocutory appeal the Court's prior Order (DE 211) to the Eleventh Circuit.  The appeal of any non-final order of the Court is governed by 28 U.S.C. § 1292.  That statute provides that any interlocutory order not appealable as of right may be appealed if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and [if] an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b) (2006).

As a general rule, litigation in the federal courts is not tried piecemeal.  See Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 693-95 (1933).  Thus, the statute governing interlocutory appeal is construed strictly. McFarlin v. Conseco Services, LLC, 381 F.3d 1251, 1259 (11th Cir. 2004) ("Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy."). The Court notes, as an aside, that this federal policy against

piecemeal trials partially informed the Court's reasoning in the original Order (DE 211) at issue. See DE 211, pp. 18-19.

There is no doubt that the question of whether the Florida statute or Federal Rule of Civil Procedure applies to the discovery of financial information necessary to establish a proper claim for punitive damages is a pure question of law. Thus the "legal question [can] be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of [this] particular case and give it general relevance to other cases in the same area of law." McFarlin, 381 F.3d at 1259. Indeed, it is a pure question of law to which the district courts in Florida do not yet have an answer. See Porter v. Ogden, Newell & Welch, 241 F.3d 1334, 1340 (11th Cir. 2001) (refraining from deciding the issue because the discovering party had made the showing that would have been required). However, the purity of the question of law is not enough.

For the Court to certify the question for appeal, it must also involve the resolution of a controlling question of law that would materially advance the ultimate resolution of the case. 28 U.S.C. § 1292(b). The Parties' dispute centers, briefly, on the following facts: Defendant shipbuilder Estaleiro Itajai owned an unfinished yacht hull. Defendants agreed with Plaintiff to construct a finished yacht to Plaintiff's specifications. The terms of the agreement required Plaintiff to post a letter of credit that would be released upon delivery of the finished vessel; thus, Defendants

were to completely finance the construction.  In an effort do that, Defendants sought a loan from ABN-AMRO, which required a mortgage on the hull in exchange for the loan.  ABN-AMRO refused to lend the money without assurance from Plaintiff that she acquiesced to Defendants' granting the mortgage, which she refused to do. Defendants never obtained financing and never initiated construction; Plaintiff then cancelled the contract.  The Parties' agreement also contained a further assurances clause that required either Party to "do all such things as may be necessary or desirable to give full effect to this Agreement."  DE 51, Ex. A, p. 25.

The dispositive question on the contract claim is whether Plaintiff improperly withheld her consent to Defendant's granting the mortgage to the bank on the hull in their possession.  The dispositive question on the fraudulent inducement claim is whether Defendants actually intended to build this yacht at all when they engaged in negotiations with Plaintiff.  Thus, Defendant's present net worth is only relevant to fashion an appropriate remedy of punitive damages, should Plaintiff be entitled to recover the same. The question of whether Plaintiff may discover their net worth without prior leave of this Court does not in any way help answer the dispositive questions in this case.  Thus, it would not "serve to avoid a trial or otherwise substantially shorten the litigation."  <u>McFarlin</u>, 381 F.3d at 1259.  In other words, its certification for appeal will not "advance the ultimate termination

of the litigation." 28 U.S.C. § 1292(b); see also DE 211, p. 27 n.6.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendants' Motions For Certificate Of Appealability (DE Nos. 229 & 232) be and the same are hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___12th___ day of June, 2008.

　　　　　　　　　　　　　　　　　/s/ William J. Zloch
　　　　　　　　　　　　　　　　　WILLIAM J. ZLOCH
　　　　　　　　　　　　　　　　　United States District Judge

Copies furnished:

All Counsel of Record