UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61821-CIV-ZLOCH

JACKIE WARD,

       Plaintiff,

vs.                                       **OMNIBUS ORDER**

ESTALEIRO ITAJAI, S/A A
METALNAVE COMPANY, et al.,

       Defendants.
_____/

       THIS MATTER is before the Court upon Plaintiff Jackie Ward's Renewed Motion To Compel Compliance With The Court's Orders Of February 14, 2008, & March 31, 2008 (DE 224), and Renewed Motion To Compel Compliance With The Court's Order Of February 11, 2008 (DE 226), and Defendants' Motion For Enlargement Of Time (DE 234). The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

       Plaintiff initiated the above-styled cause alleging breach of contract and fraudulent inducement against Defendants. As part of the relief sought in her fraud claim, Plaintiff has alleged a claim for punitive damages and has propounded discovery requests to Defendants seeking certain financial worth information. The discovery sought was Defendants' previous net worth during the period of time between January 1, 2003, and November 28, 2005, and also Defendants' present net worth. By several prior Orders (DE Nos. 173, 186, 211), the Court ordered Defendants to turn over said discovery. At the present time, Plaintiff has still not been

satisfied with the disclosures made by Defendants.

In the interim, Defendants' previous counsel have withdrawn and new counsel has entered an appearance.  To accommodate the change of counsel, the Court denied several motions to compel and for sanctions with leave to refile when Defendants obtained new counsel.  The instant motions are Plaintiff's renewal Motions To Compel (DE Nos. 224 & 226) seeking previously ordered discovery. Defendants respond with three arguments.  First, Defendants argue that current financial information was not contemplated by the Court's prior Orders on the instant discovery requests.  Second, Defendants state that their previous counsel has retained the file, and thus it cannot be determined what has already been disclosed. Finally, Defendants have now turned over all discovery and none remains outstanding.

As to the first argument, Defendants are mistaken.  Plaintiff has first sought Defendant Estaleiro's previous financial worth data to support her claim that it was unable to finance construction of her yacht.  She was permitted to discover such information during the period of time between January 1, 2003, and November 28, 2005.  Plaintiff secondly seeks all Defendants' current financial worth information in support of her claim for punitive damages.  Such information is discoverable, not simply in aid of execution, but, if necessary, in order to assist the jury in fashioning an appropriate award.  <u>Estate of Despain v. Avante Group, Inc.</u>, 900 So. 2d 637, 641 (Fla. Dist. Ct. App. 2005)

("Because the amount of an award may be pittance to a rich man and ruination to a poor one, the goal of punishment must of necessity take into account the financial worth of the wrongdoer.").

As to Defendants' second and third arguments, the words ring hollow. Defendants have previously attempted to respond to the instant discovery requests, e.g., DE 217, and now state that they have produced additional documentation, DE 236, p. 2, after Plaintiff has filed her instant Motions. On that account, a sanction is warranted. Fed. R. Civ. P. 37(a)(5)(A). In addition, Plaintiff argues that the discovery turned over to date is incomplete. By her discovery requests Plaintiff is seeking financial records of Defendants. As an example, Defendants' prior counsel informed Plaintiff's counsel that Defendant Estaleiro Itajai would need thirty days to prepare a statement of its current net worth. DE 224, Ex. 9. What was actually produced was a four page apparent summary of Defendant Estaleiro's current financial condition. This does not satisfy the documentation sought by Plaintiff. Therefore, the Court will grant Plaintiff's instant Motions.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff Jackie Ward's Renewed Motion To Compel Compliance With The Court's Orders Of February 14, 2008, & March 31, 2008 (DE 224), and Renewed Motion To Compel Compliance With The Court's Order Of February 11, 2008 (DE 226) be and the same are hereby

**GRANTED**;

2. By <u>noon</u> on <u>Tuesday July 22, 2008</u>, Defendants shall produce all discovery in their custody or control to the extent previously ordered by the Court's prior Orders (DE Nos. 173, 186, and 211) and their underlying motions;

3. Pursuant to Federal Rule of Civil Procedure 37, by <u>noon</u> on <u>Tuesday, July 15, 2008</u>, Plaintiff shall file with the Clerk of this Court a Memorandum together with supporting Affidavits and Exhibits consistent with Local Rule 7.3.B of the United States District Court for the Southern District of Florida establishing the fees and costs incurred in the preparation and execution of Plaintiff's instant Motions (DE Nos. 224 & 226); and

4. Defendants' Motion For Enlargement Of Time (DE 234) be and the same is hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of July, 2008.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record