```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 05-61821-CIV-ZLOCH
```

JACKIE WARD,

    Plaintiff,

vs.                                                **O R D E R**

ESTALEIRO ITAJAI, S/A A
METALNAVE COMPANY, et al.,

    Defendants.
_____/

    THIS MATTER is before the Court upon Defendants' Motion For Disqualification Of Plaintiff's Michigan Counsel (DE 242).  The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    This case involves an agreement between Plaintiff and Defendants for the construction of a new luxury yacht.  The Parties engaged in lengthy and exhaustive negotiations before executing a Vessel Construction Agreement to govern their commercial relations.  Plaintiffs current trial counsel also represented her through the negotiations in this matter.  Plaintiff initiated the above-styled cause alleging breach of contract and fraud in the inducement against the shipbuilder to be and two of its principals.

    By the instant Motion (DE 242) Defendants seek to disqualify Plaintiff's counsel Mr. Andrew W. Mychalowych, Esq. and Ms. Meghan Cassidy, Esq. from acting as advocates in this matter because they will also be called as fact witnesses by Defendants.  Defendants cite Florida Rule of Professional Conduct 4-3.7(a) and Michigan Rule of Professional Conduct 3.7(a) to the Court as grounds for their Motion.  Both of these rules prohibit a lawyer from acting

both as advocate and witness in most circumstances.

Defendants misquote the applicable Rule and thereby misconstrue its import. Attorneys practicing before this Court are bound by the Florida Rules of Professional Conduct. <u>See</u> Rules Governing Attorney Discipline, Rule I.A. This includes lawyers admitted <u>pro</u> <u>hac</u> <u>vice</u>. <u>Id.</u> Rule X. The relevant Florida Rule states that, other than in certain circumstances, "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness <u>on behalf of the client</u>." Florida Bar Rule 4-3.7(a) (emphasis added). Thus, Defendants cannot disqualify Plaintiff's counsel simply by listing them as witnesses and calling them to testify on their behalf at trial. <u>AlliedSignal Recovery Trust v. AlliedSignal, Inc.</u>, 934 So. 2d 675 (Fla. Dist. Ct. App. 2006).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendants' Motion For Disqualification Of Plaintiff's Michigan Counsel (DE 242) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   14th   day of July, 2008.

                                              WILLIAM J. ZLOCH
                                              United States District Judge

Copies furnished:

All Counsel of Record